STATE OF NORTH CAROLINA v. KELLY LEIANNE MANGINO

No. COA08-1555

(Filed 20 October 2009)

**Constitutional Law— North Carolina—separation of powers— making rules of practice and procedure in district and superior courts**

The superior court erred by concluding that N.C.G.S. §§ 20-38.6(f) and 20-38.7(a) violated the separation of powers provision of the North Carolina Constitution. The challenged statutes are within the General Assembly's constitutional power to make rules of practice and procedure in the district and superior courts, and to provide a system of appeals between those courts.

Appeal by the State from order entered 15 August 2008 by Judge W. Robert Bell in Superior Court, Mecklenburg County. Heard in the Court of Appeals 18 August 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Sebastian Kielmanovich, for the State.*

*Assistant Public Defender Dean P. Loven, for defendant.*

WYNN, Judge.

In implied-consent cases, N.C. Gen. Stat. § 20-38.6(f) (2007) provides that district court judges shall "preliminarily indicate whether a pretrial motion to suppress or dismiss should be granted or denied[,]" but "shall not enter a final judgment on the motion until the State has appealed to superior court or has indicated it does not intend to appeal" under N.C. Gen. Stat. § 20-38.7(a) (2007).

In this appeal, the State challenges the superior court's holding that sections 20-38.6(f) and 20-38.7(a) ("the challenged statutes") are unconstitutional on various grounds including: separation of powers; substantive due process, because a defendant's right to a final judgment is a fundamental right infringed by the statutory appellate procedure, and because the statutory appellate procedure is arbitrary and capricious and bears no rational relationship to a legitimate state interest; and procedural due process, because a defendant's right to a final judgment is a property right. Additionally, Defendant cross assigns that the superior court erred by not holding the challenged statutes unconstitutional on equal protection and alternative substantive due process grounds. For the reasons given in our recently filed opinion, *State v. Fowler*, —— N.C. App. ——, 676 S.E.2d 523 (2009) (filed 19 May 2009), we hold that the challenged statutes do not violate the substantive due process, procedural due process, or equal protection clauses of the State and Federal Constitutions.

However, in *Fowler*, while this Court observed "no usurpation of the judicial power of the State by the Legislature in the enactment of these statutory provisions[,]" it also acknowledged that the separation of powers question was not properly preserved for its review. *See id.* at ——, 676 S.E.2d at 537. Because the State properly preserved that issue in this appeal, we now address whether the superior court erred by concluding that the challenged statutes violate the separation of powers provision of the North Carolina Constitution.

Under the North Carolina Constitution, "[t]he General Assembly shall have no power to deprive the judicial department of any power or jurisdiction that rightfully pertains to it as a co-ordinate department of the government, nor shall it establish or authorize any courts other than as permitted by this Article." N.C. Const. art. IV, § 1. As this Court observed in *Fowler*, however, the General Assembly is also constitutionally authorized to prescribe rules of procedure and practice in the district and superior court divisions of the General Court of Justice.

The Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division. The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions, and the General Assembly may delegate this authority to the Supreme Court. No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury. If the General Assembly should delegate to the Supreme Court the rule-making power, the

General Assembly may, nevertheless, alter, amend, or repeal any rule of procedure or practice adopted by the Supreme Court for the Superior Court or District Court Divisions.

N.C. Const. art. IV, § 13(2). Additionally, the North Carolina Constitution extends to the General Assembly the power to prescribe the jurisdiction of the trial courts and provide a system of appeals:

(3) Except as otherwise provided by the General Assembly, the Superior Court shall have original general jurisdiction throughout the State. The Clerks of the Superior Court shall have such jurisdiction and powers as the General Assembly shall prescribe by general law uniformly applicable in every county of the State.

(4) The General Assembly shall, by general law uniformly applicable in every local court district of the State, prescribe the jurisdiction of the District Courts and Magistrates.

. . .

(6) The General Assembly shall by general law provide a proper system of appeals.

N.C. Const. art. IV, § 12(3)-(4) & (6).

Thus, on the face of the relevant constitutional provisions alone, the General Assembly has acted within its constitutional authority by enacting the challenged statutes that prescribe the jurisdiction of the district and superior courts, and provide a system of appeal from district to superior court. This statutory mechanism governs the "procedure or practice" for implied-consent offenses in the trial courts of this State, as the General Assembly is constitutionally authorized to do by article IV, section 13. Accordingly, we hold that the superior court erred by ruling that the challenged statutes violate the separation of powers provision of the North Carolina Constitution.

In sum, *Fowler* forecloses any argument that the challenged statutes violate a defendant's substantive due process, procedural due process, or equal protection rights. Further, the challenged statutes are within the General Assembly's constitutional power to make rules of practice and procedure in the district and superior courts, and to provide a system of appeals between those courts; accordingly, we hold that the challenged statutes do not violate the separation of powers provision of our constitution.

Reversed.

Judges STROUD and BEASLEY concur.